UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DELICIA JACKSON | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| DOLLAR GENERAL CORPORATION AND | * | MAGISTRATE: |
| DOLGENCORP, LLC, TRADE NAMED | * | |
| DOLLAR GENERAL | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF REMOVAL

TO:  The Honorable Judges of the
United States District Court for the
Western District of Louisiana

**NOW INTO COURT**, through undersigned counsel, comes defendant, DG Louisiana, LLC (incorrectly referred to as Dollar General Corporation, in the Petition for Damages; and hereinafter referred to as "Dollar General"), who hereby files this Notice of Removal of the above-captioned civil action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, and hereby removes this matter to the United States District Court for the Western District of Louisiana based on diversity jurisdiction, 28 U.S.C. § 1332 and avers as follows:

I.

Plaintiff, Delicia Jackson, a person of the age of majority and domiciled in the Parish of St. Mary, State of Louisiana who, according to her Petition for Damages, suffered injuries and damages on or about December 21, 2015, as a result of a slip and fall at the Dollar General.[1]

II.

On December 27, 2016, plaintiff filed suit against Dollar General Corporation and Dolgencorp, LLC, Trade Named Dollar General, in the 16th Judicial District Court for the Parish

---
[1] See Petition for Damages, attached hereto as Exhibit 1.

of St. Mary, State of Louisiana, alleging injuries and damages following a slip and fall at the Dollar General Store located in Morgan City, Louisiana.[2] The Civil Action Number is 130526, Division "D" and is entitled "*Delicia Jackson v. Dollar General Corporation and Dolgencorp, LLC, Trade Named Dollar General.*"

## BASIS FOR REMOVAL

### III.

Dollar General Corporation was served with the Petition for Damages on April 11, 2017.

Removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332.

## COMPLETE DIVERSITY BETWEEN THE PARTIES

### IV.

Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a).

1. Plaintiff is a citizen of Louisiana;[3]
2. DG Louisiana, LLC is a single member foreign limited liability company. The sole member of DG Louisiana, LLC is Dollar General Corporation. Dollar General Corporation is incorporated in the State of Tennessee, and has its principal place of business in the State of Tennessee. Thus, DG Louisiana, LLC is, in turn, a citizen of the State of Tennessee.

## AMOUNT IN CONTROVERSY

### V.

Additionally, Removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

---

[2] See Petition for Damages, attached hereto as Exhibit 1.
[3] See Petition for Damages, attached hereto as Exhibit 1.

In order to determine what amount is "in controversy," courts ordinarily refer to the state court petition. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Louisiana law mandates that plaintiffs may not petition for a specific monetary amount. La. Code Civ. Proc. Art. 893(A)(1). However, Article 893 of the Louisiana Code of Civil Procedure does require "that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required," which plaintiffs failed to do in this case. (Emphasis Added).

## VI.

Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs; however, a defendant is not required "to prove to a legal certainty" that the plaintiff will recover more than the jurisdictional amount. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995). Instead, defendant needs only prove that the plaintiff, more likely than not, could recover more than the jurisdictional amount.

Case law has provided guidance as to what types of proof may be offered in order for a removing party to meet the preponderance standard. For example, a court can determine that removal was proper if it is "facially apparent" that the claims are likely above the required jurisdictional amount. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993). This test is performed by referencing the petition and making a determination of whether the claims meet or exceed the jurisdictional amount. Also, a removing attorney may support federal jurisdiction by setting forth facts in controversy that support a finding of the required amount in controversy. *Garza v. Bettcher Indus. Inc.,* 752 F. Supp. 753, 763(E.D. Mich. 1990).

### VII.

Plaintiff, Delicia Jackson, alleges that she is entitled to the following damages as a result of the incident at issue:

1. Physical pain and suffering - past, present and future;
2. Medical expenses - past, present and future; and
3. Loss of enjoyment of life - past, present and future.

Additionally, plaintiff's counsel informed undersigned counsel that there is a high probability that plaintiff will undergo shoulder and/or back surgery as a result of the accident.

Based on the foregoing, it is more likely than not that the amount in controversy for plaintiff's claim is in excess of $75,000.00, exclusive of interest and costs.

### VIII.

Once the defendant has met her burden of proving that the claim, more likely than not, exceeds $75,000.00, the plaintiff can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000.00. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). In *De Aguilar*, the Court held that, in the absence of a prayer for less than the jurisdictional amount and a state statute prohibiting an increase in the amount initially prayed for, to establish "legal certainty" that a claim does not meet or exceed the requisite jurisdictional amount, a litigant who wants to prevent removal must file a binding stipulation or affidavit with their complaint. *De Aguilar v. Boeing Co.*, 47 F.3d at 412. Once a defendant has removed the case *St. Paul* makes later filings irrelevant. *De Aguilar v. Boeing Co.*, 47 F.3d at 412 (referencing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L. Ed. 845 (1938); and citing, *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). (Emphasis Added). In this case, plaintiff has not filed a binding stipulation.

IX.

Further citing *St. Paul Mercury*, the *De Aguilar* Court noted that "[i]n order for a federal court to decline jurisdiction, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *De Aguilar*, 47 F.3d at 1409.

X.

Defendant, Dolgencorp, LLC was served with the Petition for Damages on March 28, 2017. Defendant, Dollar General Corporation was served with the Petition for Damages on April 11, 2017. Pursuant to 28 U.S.C. § 1446(b)(2)(c), removal is proper and timely because it is taking place within 30 days of service on defendant, Dollar General Corporation. Additionally, defendant, Dolgencorp, LLC has been properly served and consents to removal. Thus, the "rule of unanimity" has been satisfied.

XI.

On or about April 6, 2017, counsel for defendants, Dolgencorp, LLC and Dollar General Corporation, sent a letter to plaintiff's counsel requesting that plaintiff sign an attached Stipulation that no such damages at issue, exclusive of costs and interest are in excess of $75,000.00 and that plaintiff will not execute any such judgment in excess of $75,000.00.[4] Plaintiff never executed the Stipulation, thus declining to agree that the amount in controversy was less than $75,000.

XII.

On May 1, 2017, Plaintiff's counsel called undersigned counsel to explain that he could not sign the stipulation because plaintiff will likely undergo two surgeries as a result of the Dollar General accident.

---

[4] See the letter dated April 6, 2017 with the attached Stipulation, attached hereto in globo as Exhibit 2.

## XIII.

All defendants who have been properly served consent to the removal of this case to federal court.

## XIV.

The above-captioned civil action is therefore removable to this United States District Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446.

## XV.

Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. §1446(a).

## XVI.

Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

## XVII.

This action is removable under and by virtue of the acts of Congress of the United States and the defendant desires to remove it to this Court.

Accordingly, defendant, DG Louisiana, LLC (incorrectly referred to as Dollar General Corporation in the Petition for Damages), asks that the above-captioned action be removed to this Court, the United States District Court for the Western District of Louisiana, in accordance with the provisions of 28 U.S.C. § 1441, *et seq*.

| **CERTIFICATE OF SERVICE** | Respectfully submitted, |
|---|---|
| I hereby certify that I have served a copy of the foregoing upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this the 3rd day of May, 2017.<br><br>_/s/ Anne E. Medo_ | **DEUTSCH KERRIGAN, LLP**<br><br>BY:  _/s/ Anne E. Medo_<br>**SEAN P. MOUNT, #27584**<br>**ANNE E. MEDO, #24556**<br>**LAUREN E. BRISBI, #29778**<br>**BRYCE M. ADDISON, #36345**<br>755 Magazine Street<br>New Orleans, LA 70130<br>Phone: 504-581-5141<br>Attorneys for defendant, DG Louisiana, LLC (incorrectly referred to as Dollar General Corporation) |