UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DELICIA JACKSON,<br>Plaintiff | CIVIL ACTION |
| VERSUS | NO. 17-690 |
| DG LOUISIANA, LLC,<br>Defendant | SECTION: "E" (3) |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Defendant DG Louisiana, LLC ("Dollar General").[1] Plaintiff Delicia Jackson opposes the motion.[2] For the reasons that follow, Defendant's motion for summary judgment is **GRANTED**.

## BACKGROUND[3]

On December 21, 2015, Plaintiff Delicia Jackson alleges she was a patron at a Dollar General in Morgan City, Louisiana.[4] While walking through the store, Ms. Jackson slipped on some plastic sheeting that "was strewn over the ground causing her to injure herself."[5] The plastic was clear and not plainly visible; there were no signs "to warn unsuspecting patrons of the hazardous condition."[6] As a result of her fall, Ms. Jackson suffered damages.[7]

Ms. Jackson filed suit on December 27, 2016 in the Louisiana 16th Judicial District Court.[8] Dollar General removed the case to the U.S. District Court for the Western District

---

[1] R. Doc. 31. This case was originally filed in the Louisiana 16th Judicial District Court on December 27, 2016, R. Doc. 1-1, and was removed to the U.S. District Court for the Western District of Louisiana on May 3, 2017, R. Doc. 1. The case was reassigned to this Court on July 26, 2018. R. Doc. 35.
[2] R. Doc. 33.
[3] The background is derived from Plaintiff's complaint. R. Doc. 1-1.
[4] *Id.* at ¶ 3.
[5] *Id.*
[6] *Id.*
[7] *Id.* at ¶ 9.
[8] *Id.*

of Louisiana on May 3, 2017.[9] The case was reassigned to this Court on July 26, 2018.[10] Dollar General now moves for summary judgment.[11]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "An issue is material if its resolution could affect the outcome of the action."[13] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[14] All reasonable inferences are drawn in favor of the non-moving party.[15] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[16]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the

---

[9] R. Doc. 1.
[10] R. Doc. 35.
[11] R. Doc. 31.
[12] FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. at 322–23.
[13] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[15] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[16] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).

nonmoving party's claim." If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[17]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[18] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[19] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[20] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose

---

[17] *Celotex*, 477 U.S. at 322–24.
[18] *Id.* at 331–32 (Brennan, J., dissenting).
[19] *See id.* at 332.
[20] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.

upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[21]

## LAW AND ANALYSIS

As the moving party, it is Dollar General's burden to establish the absence of any genuine issues of material fact and that it is entitled to judgment as a matter of law. Dollar General submits Ms. Jackson is unable to establish the essential elements of her slip-and-fall cause of action.[22]

Slip and fall cases are governed by Louisiana Revised Statutes 9:2800.6(B), which provides in pertinent part:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of [her] cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[23]

Dollar General points to the statute's second element, which requires Ms. Jackson to offer evidence demonstrating either that Dollar General created the hazard, or that it had actual or constructive notice that there was plastic wrap on the floor.[24] Dollar General avers that, even assuming the plastic wrap was on the floor before she fell, Ms. Jackson

---

[21] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[22] R. Doc. 31-3 at 1.
[23] La. R.S. 9:2800.6(B).
[24] R. Doc. 31-3 at 5.

has no evidence of what caused the plastic to be placed on the floor, nor does she offer any evidence substantiating her assertion that Dollar General knew or should have known there was plastic wrap on the floor.

The Court must determine whether Dollar General is entitled to judgment as a matter of law. At trial, Ms. Jackson will bear the burden of proving that: (1) the plastic wrap being left on the floor presented an unreasonable risk of harm[25]; (2) Dollar General either created that risk of harm, or had constructive knowledge thereof prior to Ms. Jackson's accident; and (3) Dollar General failed to exercise reasonable care.[26] To prevail on summary judgment, however, it is Dollar General's burden to either (1) submit affirmative evidence that negates an essential element of Ms. Jackson's claim against it, or (2) affirmatively demonstrate that there is no evidence in the record to establish an essential element of Ms. Jackson's claim against Dollar General.[27] Dollar General has chosen the second alternative.

According to Dollar General, "The sworn affidavits of Della Guidry and Halayna Lessard confirm that neither employee was aware of the piece of plastic on the floor prior to (or after) plaintiff's accident," nor did any Dollar General employee create the hazardous condition, and that, therefore, Ms. Jackson must offer some evidence that Dollar General had constructive knowledge of the plastic wrap being on the floor prior to her fall.[28] Louisiana Revised Statutes 9:2800.6(C) details that a merchant is charged with having constructive notice of the unsafe condition when:

> the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of

---

[25] The parties dispute whether the plastic wrap was on the ground in the store, or whether the plastic was already on Ms. Jackson's boot when she entered the store. R. Doc. 31-2 at ¶¶ 9–12; R. Doc. 33-1 at ¶ 1.
[26] La. R.S. 9:2800.6.
[27] *Celotex*, 477 U.S. at 331–32 (Brennan, J., dissenting).
[28] R. Doc. 31-3 at 5.

5

an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.[29]

Dollar General points to *White v. Wal-Mart Stores, Inc.*[30] in support of its argument.[31] In *White*, the Louisiana Supreme Court discussed the concept of constructive notice under Louisiana Revised Statute 9:2800.6. The court explained that, when there is an absence of evidence indicating how the hazard was created, the statute requires a plaintiff to make a "positive showing" that the complained-of condition existed for some period of time prior to the fall and that such time period was sufficiently lengthy that a merchant should have discovered the condition.[32] The court continued:

> The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall.[33]

"Though there is no bright line time period," the statute does not allow for the inference of constructive notice absent some positive showing of this temporal element.[34] If a plaintiff shows merely that the condition existed, without any additional showing that it existed for "some" period of time, she has not satisfied her burden of proving constructive notice.[35]

Dollar General argues it has met its summary judgment burden, as Ms. Jackson has failed to offer any evidence Dollar General created the hazard, nor has she offered any

---

[29] La. R.S. 9:2800.6(C)(1).
[30] 97-0393 (La. 9/9/97), 699 So. 2d 1081.
[31] R. Doc. 31-3 at 6.
[32] 699 So. 2d at 1084.
[33] *Id.*
[34] *Id.*
[35] *Id.*

6

evidence that Dollar General had actual or constructive knowledge of the plastic wrap.[36] To establish the lack of record evidence supporting Ms. Jackson's claim against it, Dollar General relies on Ms. Jackson's deposition and the affidavits of Dollar General employees, Halayna Lessard and Della Guidry.

During her deposition, Ms. Jackson testified that she did not know where the piece of plastic wrap on her boot came from and admitted she did not know if and for how long the piece of plastic wrap had been stuck to the bottom of her boot prior to her fall.[37] In her affidavit, Ms. Lessard testified that, after Ms. Jackson fell, she inspected the aisle and did not see any plastic wrap or wet spots, or any other hazards that could have caused Ms. Jackson's fall.[38] Ms. Lessard testified further that, to her knowledge, "no Dollar General employee had placed any item, including plastic sheeting, on the floor," and that she and "[t]he other employees in the store were not aware of any plastic sheeting on the floor."[39] Ms. Guidry, the store manager on duty when Ms. Jackson fell, testified she "was not aware of any plastic sheeting on the floor," "no Dollar General employee had placed any item, including plastic sheeting, on the floor," and that "[n]o one informed [her] of any plastic sheeting on the floor."[40] Thus, Dollar General submits, Ms. Jackson has no positive evidence Dollar General created the hazard, or had actual or constructive knowledge of its existence.

Dollar General has met its burden of affirmatively demonstrating that there is no evidence in the record to establish an essential element of Ms. Jackson's claim against Dollar General—*i.e.*, that Dollar General created the hazard, knew the plastic was on the

---

[36] R. Doc. 31-3 at 6.
[37] R. Doc. 31-4 at 37:17-18, 38:9–14.
[38] R. Doc. 31-5 at ¶¶ 12, 13, 15.
[39] *Id.* at ¶¶ 19, 24.
[40] R. Doc. 31-6 at ¶¶ 17, 20, 21.

7

floor, or that the plastic wrap was on the floor for some period of time prior to the fall, and that such time period was sufficiently lengthy that Dollar General should have discovered the condition.

Ms. Jackson, as the party opposing summary judgment, may defeat Dollar General's motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[41] Ms. Jackson must identify specific evidence in the record and articulate the precise manner in which that evidence supports her claim that Dollar General is liable to her for her injuries. Ms. Jackson does not dispute that Dollar General did not have actual knowledge of the plastic wrap on the floor. Instead, Ms. Jackson apparently argues Dollar General created the hazard, stating "[i]t is clear that multiple store employees were stocking shelves with merchandise at the time of [her] fall," and that Dollar General does not dispute that it used plastic sheeting in its store at the time of Ms. Jackson's fall.[42]

Essentially, Ms. Jackson argues that, because there was plastic sheeting in the store at the time of her fall and employees were stocking aisles nearby, it can be inferred that the Dollar General employees created the hazard, or that the plastic that caused her to slip had been there for a sufficient period of time. She offers no evidence that the employees stocking the nearby shelves were unwrapping, or in any way using, plastic sheeting, let alone offering any evidence that the aisle she slipped on had been recently stocked. She also does not offer any evidence as to how long the plastic sheeting had been

---

[41] *Celotex*, 477 U.S. at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[42] R. Doc. 33 at 4.

8

on the floor. Instead, she asks the Court to infer that the employees stocking the aisles were unwrapping items wrapped in plastic sheeting, and then asks the Court, based on that inference, to infer that the employees had recently stocked the aisle on which Ms. Jackson fell. The Fifth Circuit has held that summary judgment cannot be avoided merely by showing "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[43] "Rather, the non-moving party must set forth specific facts showing the existence of a genuine issue concerning every essential component of its case."[44] "Testimony based on conjecture or speculation is insufficient to raise an issue of fact to defeat a summary judgment motion because there is no issue for trial unless there is sufficient evidence favoring a nonmoving party."[45]

Ms. Jackson has failed to call the Court's attention to supporting evidence already in the record to establish that Dollar General created the hazard, or that the plastic sheeting that allegedly caused her to slip was on the floor for some period of time prior to the fall, and that such time period was sufficiently lengthy that a merchant should have discovered the condition.[46] As a result, the Court will grant Dollar General's motion for summary judgment.

---

[43] *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citations and internal quotation marks omitted); *see also Lawrence v. Federal Home Loan Mortg. Corp.*, 808 F.3d 670, 673–74 (5th Cir. 2015).
[44] *Boudreaux*, 402 F.3d at 540 (citations and internal quotation marks omitted).
[45] *Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)).
[46] *See Davis v. Wal-Mart Louisiana, LLC*, No. 15-2012, 2016 WL 4077236 (W.D. La. July 29, 2016) (granting summary judgment after concluding there was an absence of any positive evidence indicating how the water the plaintiff slipped on was spilled onto the floor, or that the water was on the floor for such a period of time that Wal-Mart should have discovered its existence); *Babin v. Winn-Dixie of La., Inc.*, 2000-0078 (La. 6/30/00), 764 So. 2d 37 (granting summary judgment, noting that a plaintiff's speculation that the condition existed for some period of time was not a "positive showing" that it did in fact exist for some time prior to his fall); *see also Duncan v. Wal-Mart Louisiana, LLC*, 863 F.3d 406, 410 (5th Cir. 2017) (holding that without positive evidence that Wal-Mart created or had actual or constructive knowledge of the condition, she could not maintain her cause of action under La. R.S. 9:2800.6).

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the motion for summary judgment filed by Defendant DG Louisiana, LLC, be and hereby is **GRANTED**.[47]

**IT IS FURTHER ORDERED** that there be judgment in favor of Defendant DG Louisiana, LLC and against Plaintiff Delicia Jackson.

**New Orleans, Louisiana, this 31st day of July, 2018.**

	_____
	SUSIE MORGAN
	UNITED STATES DISTRICT JUDGE

---

[47] R. Doc. 31.